IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-RM-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

## MOTION TO DISMISS

Defendant, Littleton Housing Authority, moves the Court, by its attorneys David Heisterkamp II and Amber Hunter of the law firm Wagenlander & Heisterkamp, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves the Court for an order dismissing Plaintiff's Complaint [Doc. # 1] with prejudice. **AND IN SUPPORT THEREOF**, Defendant states as follows:

### I.    BACKGROUND

Plaintiff alleges discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). In particular, this case involves Title II's integration mandate. *See Olmstead v. L.C.*, 527 U.S. 581, 607 (1999).

Plaintiff asserts that Defendant discriminated against her when her husband passed away on October 23, 2008 and she was required to apply for a new Section 8 Housing Choice Voucher. Complaint [Doc. # 1], paragraph 5. Plaintiff further asserts that she was discriminated against in 2010 when she was approved for a new Section 8 Housing Choice Voucher. Complaint [Doc. # 1], paragraph 5. Plaintiff was approved for a Section 8 Housing Choice

Voucher rental assistance on April 20, 2010. Complaint [Doc. # 1], Exhibit 4-2, paragraph 17. Plaintiff was removed from the wait list for rental assistance on June 14, 2010.  Complaint [Doc. # 1], Exhibit 4-4, paragraph 27.  All five of Plaintiff's claims are based on these as set out in the Complaint.

Plaintiff filed a housing discrimination complaint with the Department of Housing and Urban Development on December 26, 2012. Complaint [Doc. # 1], Exhibit 6-1.  HUD referred the investigation to the Colorado Civil Rights Division ("CCRD"). *Id*.  After conducting an investigation, CCRD issued a finding of no probable cause that Defendant discriminated against Plaintiff.

## II.   STANDARD OF REVIEW

When a plaintiff proceeds *pro se*, the Court will liberally construe the plaintiff's pleadings. *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010). However, the *pro se* plaintiff must follow the same rules of procedure that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). *Pro se* status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Fogle v. Pierson*, 435 F.3d 1252, 1263 n. 7 (10th Cir. 2006) (internal citations omitted).

In reviewing a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept all well-pled allegations in the Complaint as true and view those allegations in the light most favorable to the non-moving party. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court clarified what constitutes a "well-pleaded fact" for purposes of a Rule 12 analysis. A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels

2

and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949. Facts, not conclusions, must be pled. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including "legal conclusion[s] couched as a factual allegation." *Id*. at 1949-50.

Additionally, the Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001); *Johnson v. School District No. 1 in County of Denver*, United States District Court, D. Colorado, 12-cv-02950-MSK-MEH (Sept. 23, 2013).

## IV .  ARGUMENT

### A.  Plaintiff's Federal Claims Are Barred by the Applicable Statute of Limitation.

Dismissal under Rule 12(b)(6) is proper when the complaint, on its face, indicates that the statute of limitation has expired. *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, n. 4 (10th Cir. 1980); *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. . . . Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion." *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Congress has set no statute of limitations under the ADA.[1]  Therefore, the applicable state statute applies. *Wallace v. Kato*, 549 US. 384, 387 (2007).   The Colorado statute of limitations governing all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute is two years. Colo. Rev. Stat. § 13-80-102(1)(g).

The alleged discriminatory events that are the basis for this action occurred in 2008 and 2010, with the last event, the removal from the Section 8 Housing Choice Voucher wait list, on June 14, 2010.  Therefore, Plaintiff had until June 14, 2012 to file an action in district court.  Plaintiff filed this action on September 26, 2013, well past the expiration of the two-year deadline.

The two-year time period does not include any time during which an administrative proceeding is pending.  However, Plaintiff filed her housing discrimination complaint with the Department of Housing and Urban Development on December 26, 2012, which was already past the two-year deadline for commencing her claims. Complaint [Doc. # 1], Exhibit 6-1.  Therefore, the filing of the administrative action did not toll the statute of limitations because it had already expired.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice.

---

[1] Plaintiff's Complaint does not assert jurisdiction under the Fair Housing Act , 42 U.S.C. 3613(a); however, even if the Complaint were to be construed as to imply jurisdiction under the Fair Housing Act a two year statute of limitations is placed on actions by private persons and this time period has expired. 42 U.S.C. 3613(a)(1)(A).

Respectfully submitted this 28th day of October, 2013.

          Attorneys for Plaintiffs

          *s/Amber L. Hunter*
          David Heisterkamp II
          Amber L. Hunter
          James F. Wagenlander
          Wagenlander & Heisterkamp, LLC
          1700 Broadway, Suite 1202
          Denver, CO 80290
          Phone: (303) 832-6511
          Fax: (303) 830-2246
          amberlh@wagenlander.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/ECF)

On the 28th day of October, 2013, I electronically filed the *Motion to Dismiss* with the Clerk of the Court using the CM/ECF system. I further certify that on the 28th day of October, 2013 a copy of the *Motion to Dismiss*, along with a copy of *Johnson v. School District No. 1 in County of Denver*, United States District Court, D. Colorado, 12-cv-02950-MSK-MEH (Sept. 23, 2013) pursuant to D.C. Colo. L. Civ. R. 7.1.D, was sent to the below listed individual via U.S. First Class mail.

Fernanda Rivera
6039 South Broadway
Littleton, CO 80120

*s/Amber L. Hunter*
Amber L. Hunter

6