IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-RM-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

**PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS
TO CONFIDENTIAL MEDICAL INFORMATION
WITHIN RESPONSE TO MOTION TO DISMISS (DOC. # 25)**

Plaintiff, by and through her undersigned counsel, pursuant to D.C.COLO.LCivR 7.2, hereby files this Unopposed Motion to Restrict Public Access to Confidential Medical Information within Response to Motion to Dismiss (Doc. # 25) (henceforth "Unopposed Motion") and states the following in support thereof:

**CERTIFICATION OF CONFERRAL**

Undersigned counsel has conferred with counsel for Defendant concerning the relief sought by this Unopposed Motion.  Defendant does not oppose the relief sought.

    1.    On January 23, 2014, Plaintiff filed her Response to Defendant's Motion to Dismiss (Doc. # 25), along with Exhibits thereto, with a Level 1 restriction pursuant to D.C.COLO.L.CivR 7.2(b).

2. The interest to be protected by this Unopposed Motion is Plaintiff's privacy interest in her personal medical condition and records. Certain portions of the Health Insurance Portability and Accountability Act ("HIPAA"), including but not limited to the regulations promulgated thereunder at 45 C.F.R. § 164.512(e), recognize that medical records and information is subject to protective privacy measures in general as well as protection in judicial proceedings in particular.

3. Plaintiff's privacy interests in her medical records and condition, as well as her privacy interests in her doctor-patient relationship, would be injured if access is not restricted.

4. Level 1 restriction is sought for Doc. # 25, along with its exhibits. However, Plaintiffs file herewith, as **Exhibit 1** hereto, a copy of Doc. # 25 (without any medical-document exhibits) that is redacted to protect Plaintiff's privacy interests in her medical records and information. This alternative is practicable to both protect Plaintiff's privacy and honor the public's interest in an open judicial system.

## CONCLUSION

For the foregoing reasons, the Court should grant this Unopposed Motion.

DATED: January 24, 2014

                                      Respectfully submitted,

                                      s/ Aaron D. Goldhamer
                                      Aaron D. Goldhamer
                                      JONES & KELLER, P.C.
                                      1999 Broadway, Suite 3150
                                      Denver, CO 80202
                                      Telephone: (303) 573-1600
                                      Email: agoldhamer@joneskeller.com

                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> David Heisterkamp II
> Amber L. Hunter
> James F Wagenlander
> Wagenalnder & Heisterkamp, LLC
> 1700 Broadway, Suite 1202
> Denver, CO  80290
> *Attorneys for Defendant*

s/ Tammy Harris

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-RM-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Doc. # 17)**

---

Plaintiff, by and through her undersigned counsel, hereby responds to Defendant's Motion to Dismiss (Doc. # 17, henceforth "Motion") and states the following in opposition thereto:

### INTRODUCTION

Plaintiff is elderly and has suffered from ▮▮▮▮▮▮▮▮▮▮▮▮ for many years. These conditions qualify her as a "Person under disability" under Colorado law. The timeliness of Plaintiff's Complaint is based on Colorado law. Colorado law provides that if a Person under disability's cause of action accrues during their disability, statutes of limitation do not run against that person. Rather, a Person under disability's guardian has two years from the date of their appointment to bring an action on behalf of the disabled person. Defendant's Motion is solely based on the statute of limitations. The Complaint alleges Plaintiff is disabled. Because Plaintiff was disabled when her cause of action accrued, her claims are not time-barred because

{JK00540650.1 }                                    1

the statute of limitations was tolled. Once Plaintiff was appointed a guardian, the two year statute of limitations began to run. Plaintiff's guardian timely filed Plaintiff's Complaint and the Motion should be denied.

However, the Court need not even reach the issue of Plaintiff's disability to deny the Motion. The Complaint asserts, on its face, that Plaintiff is disabled. Therefore, when viewing the allegations of the Complaint in the light most favorable to Plaintiff in conjunction with the tolling statutes in Colorado law for claims belonging to persons under a disability, Plaintiff has stated a claim upon which relief can be granted. Defendant may proceed to seek discovery concerning Plaintiff's disability to prove their affirmative defense of the expiration of the statute of limitations, but the issue is not suited for a motion to dismiss.

## BACKGROUND

The Motion asserts that the "events that are the basis for this action occurred in 2008 and 2010," (Motion at 4) namely, Defendant's requirement that Plaintiff apply for a new Section 8 Housing Choice Voucher following her husband's death on October 23, 2008 (Motion at 1), and her removal from the wait list for rental assistance on June 14, 2010 (Motion at 2).

Pursuant to Colorado procedures for appointment as a guardian under C.R.S. § 15-14-311 and appointment as a conservator under C.R.S. § 15-14-409, the District Court for Arapahoe County, Colorado appointed Plaintiff's daughter as Plaintiff's guardian and conservator on July 17, 2012, a fact which has already been demonstrated to this Court (*see* Doc. # 5 at pp. 3-4 and **Exhibit 1** hereto). Plaintiff, through her guardian-conservator-daughter who was acting *pro se*, filed her Complaint in this case (Doc. # 1) on July 22, 2013, slightly over one year following the guardian/conservator appointments. This Court referred Plaintiff to the *U.S. District Court's Pilot Project to Implement A Civil Pro Bono Panel* on September 24, 2013 (*see* Doc. # 14).

Defendant filed its Motion to Dismiss (Doc. # 17) on October 28, 2013. On January 2, 2014, following undersigned counsel's entry of appearance that day (Doc. # 21), the Court ordered that Plaintiff's response to the Motion would be due on January 23, 2014 (Doc. # 22).

The Motion is solely based on the expiration of the two-year statute of limitations set forth in C.R.S. § 13-80-102(1)(g).[1] Motion at 3-4. Defendant asserts that Plaintiff had until June 14, 2012—one month *before* Plaintiff was appointed a guardian—to file her Complaint. *Id.* at 4.

## ARGUMENT

### I. The face of the Complaint compels the conclusion that the Motion must be denied.

The Motion should be denied because the face of the Complaint alleges facts which, when viewed in the light most favorable to Plaintiff, demonstrates that Plaintiff states a claim. The Complaint alleges that Plaintiff is "disabled." Doc. # 1 at 4. The statute of limitations did not begin running until July 17, 2012 when Plaintiff was appointed a guardian. Plaintiff's guardian timely initiated Plaintiff's Complaint. As such, the Motion should be denied.

#### A. The legal standards for assessing the Motion favor the Plaintiff.

The Motion is based on Fed. R. Civ. P. 12(b)(6). Motion at 1. In evaluating the Motion, the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation omitted). The proper inquiry is "whether the complaint contains enough facts to state a claim for relief that is plausible on its face." *Id.*

---

[1] The Motion observes that where the United States Congress sets no statute of limitations—which it has not done under the relevant title of the Americans with Disabilities Act, which is a basis for Plaintiff's present Complaint—"the applicable state statute applies." Motion at 4 (citing *Wallace v. Kato*, 549 US. 384, 387 (2007)). As such, "[t]he Colorado statute of limitations governing all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute is two years." Motion at 4 (citing Colo. Rev. Stat. § 13-80-102(1)(g)).

{JK00540650.1}                                  3

(internal citation and quotation marks omitted). Granting a motion to dismiss under Rule 12(b)(6) "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citation omitted).

### B. The Complaint alleges Plaintiff's disability.

Here, Plaintiff's Complaint—originally filed through her guardian acting *pro se*—alleges that Plaintiff is "disabled". Doc. # 1 at 4. This allegation must be viewed in the light most favorable to Plaintiff, *i.e.* that Plaintiff was disabled when her cause of action accrued and she is within the coverage of C.R.S. § 13-81-103, described below. In light of the disfavor with which courts treat a motion to dismiss under Rule 12(b)(6), and the below legal authorities concerning the tolling of statutes of limitations against a "person under a disability" until they are appointed a guardian, the Motion should be denied without Plaintiff having to make any factual showing concerning her disability.

### C. Colorado Statutes of Limitation do Not Run Against Persons under a Disability prior to their Appointment of a Guardian.

Colorado law defines the following terms:

> (1) "Applicable statute of limitations" means any statute of limitations which would apply in a similar case to a person **not a person under disability**.
>
> (2) "Legal representative" means a guardian [or] conservator...duly appointed by a court having jurisdiction of any person under disability or his estate.
>
> (3) "Person under disability" means any person who is...a mental incompetent, or a person under other legal disability and who does not have a legal guardian.
>
> (4) "Take action" means the bringing, commencement, maintenance, or prosecution of any action, suit, or proceeding to enforce any right....

C.R.S. § 13-81-101(emphasis added).

Colorado law clarifies that when a cause of action accrues for a person under a disability and that person is later appointed a guardian, the guardian has two years from the date of their appointment within which to bring an action on behalf of the disabled person:

> (1) When in any of the statutes of the state of Colorado a limitation is fixed upon the time within which a right of action, right of redemption, or any other right may be asserted either affirmatively or by way of defense or an action, suit, or proceeding based thereon may be brought, commenced, maintained, or prosecuted and the true owner of said right is a person under disability at the time such right accrues, then:
>
> > (a) If such person under disability is represented by a legal representative at the time the right accrues, or **if a legal representative is appointed for such person under disability <u>at any time after the right accrues</u>** and prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. Such legal representative, or his successor in trust, in any event <u>**shall** be allowed **not less than two years** after his appointment within which to take action on behalf of such person under disability</u>, even though the two-year period expires after the expiration of the period fixed by the applicable statute of limitations.

C.R.S. § 13-81-103 (emphasis added).

Given the applicability of C.R.S. § 13-81-103, the Complaint's allegation that Plaintiff is disabled, and the Court's obligation to view Plaintiff's allegation in the light most favorable to her, the Motion should be denied. On its face, the Complaint alleges facts which bring Plaintiff within the ambit of C.R.S. § 13-81-103, and the Complaint states a claim.

**D.    The *Aldrich* and *Bullington* cases, upon which Defendant rely, do not control the result in this case.**

Defendant cites to *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, n. 4 (10th Cir. 1980) and *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) for the proposition that "Dismissal under Rule 12(b)(6) is proper when the complaint, on its face, indicates that the statute of limitation has expired." Motion at 3. However, in this case, the

Complaint does not indicate, on its face, that the statute of limitations has expired. This is not an *Aldrich* or *Bullington* case. The Motion ignores the allegation that Plaintiff is disabled—and the resulting tolling of the statute of limitations pursuant to C.R.S. § 13-81-103 when that allegation is viewed in the light most favorable to Plaintiff. As such, Plaintiff does not have any additional burden to establish a factual basis for tolling the statute of limitations, as suggested by Defendant (*see* Motion at 3, *quoting Aldrich*).

## II. Because Plaintiff was in fact a "Person under disability" when her cause of action accrued and her guardian timely-filed the Complaint, the Motion should be denied.

As set forth above, Plaintiff need not make any factual showing concerning the tolling of the statute of limitations due to the allegation of disability in the Complaint. Nevertheless, should the Court conclude otherwise, there is ample evidence to demonstrate that Plaintiff was a "Person under disability" under Colorado law when her causes of action accrued, and that this Complaint was timely filed.

### A. A person suffering from ███████████████ is a Person under Disability.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

While Colorado statutes do not further define the term "mental incompetent" as used in the definition of a "Person under disability" in C.R.S. § 13-81-101(3), Colorado courts have looked to C.R.S. § 27-10.5-135(1) for guidance. *Southard By & Through Southard v. Miles*, 714 P.2d 891, 898-99 (Colo. 1986). C.R.S. § 27-10.5-135(1) states that the term "mental incompetent" is defined by C.R.S. § 16-8-101, which refers to a person with a "diseased or

defective" mind. ██████████████████████████

██████████████████████████████████████████

### B. Plaintiff was a Person under a Disability when her Cause of Action Accrued.

Plaintiff has continually suffered from ███████████ since at least 2007 or 2008. See ████████████████████ attached hereto as **Exhibit 2**:

> Ms. Rivera is being treated for several medical conditions which include ████████████.. Fernanda has had ███████ ███████ for at least 5-6 years….

Additional documentation supports Dr. ██████ assessment of Plaintiff's condition, and supports the conclusion that Plaintiff continually suffered from ███████████ since 2006. *See* **Exhibit 3** at p. 3 (April 19, 2006 examination of Plaintiff resulted in assessment of ████████████; **Exhibit 4** (October 18, 2006 examination of Plaintiff due to her "memory loss"); **Exhibit 5** (June 1, 2009 diagnosis of ██████████████ ███████████); **Exhibit 6** (August 17, 2009 diagnosis of █████████ ████"). Furthermore, Plaintiff was ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ *See* **Exhibit 7** attached hereto (observing █████████████ and making the assessment of ████████████) (emphasis added).

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

{JK00540650.1}                                7

Plaintiff was afflicted with ▇▇▇▇▇▇▇▇▇▇▇▇, the very conditions which were the basis for the appointment of a guardian and conservator, since at least 2006 and no later than May 26, 2008 when she was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. By virtue of the fact that Plaintiff was appointed a guardian and conservator by the Arapahoe County District Court, it has already been established by "clear and convincing evidence" that Plaintiff was "an incapacitated person" and "unable to manage property and business affairs because [Plaintiff was] unable to effectively receive or evaluate information or both or to make or communicate decisions...." C.R.S. § 15-14-311; § 15-14-401. As such, it has already been determined that Plaintiff is a "Person under disability" pursuant to C.R.S. § 13-81-101(3) because she was necessarily determined to be "a mental incompetent, or a person under other legal disability" in need of a guardian and conservator.

That the Arapahoe County District Court made these determinations on July 17, 2012, does not preclude the finding that Plaintiff was not a person under disability earlier than that time. In fact, mental incapacity "frequently exists before a judicial determination of that fact has been had." *Browne v. Smith*, 205 P.2d 239, 240-41 (Colo. 1949) (stating that "it is not necessary that a person be adjudged [incompetent] to bring him within an exception on the ground of mental incapacity") (internal citations and quotation marks omitted).

Here, there is every indication that Plaintiff suffered from ▇▇▇▇▇▇▇▇▇▇▇▇ well before she was appointed a guardian and conservator. The foregoing shows that Plaintiff was a "Person under disability" well before the first complained-of event—the requirement that she reapply for her Section 8 Housing Choice Voucher following her husband's death on October 23, 2008.

{JK00540650.1 }    8

### C.  Plaintiff's Guardian-Conservator timely-filed the Complaint.

Defendant asserts that Plaintiff had until June 14, 2012 to file her Complaint. Motion at 4. In fact, pursuant to C.R.S. § 13-81-103, Plaintiff has until July 17, 2014, two years after the appointment of her guardian-conservator, to file an action governed by Colorado law which accrued during Plaintiff's disability. Because Plaintiff's cause of action in this case accrued during her disability, its statute of limitation is governed by Colorado law, and her guardian-conservator filed this action on July 22, 2013, the Complaint was timely-filed and the Motion should be denied.

### CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

DATED: January 23, 2014

Respectfully submitted,

s/ Aaron D. Goldhamer
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Email: agoldhamer@joneskeller.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>David Heisterkamp II
>Amber L. Hunter
>James F Wagenlander
>Wagenalnder & Heisterkamp, LLC
>1700 Broadway, Suite 1202
>Denver, CO  80290
>*Attorneys for Defendant*

s/ Tammy Harris

# Exhibit 1

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | EFILED Document<br>CO Arapahoe County District Court 18th JD<br>Filing Date: Jul 17 2012 1:19PM MDT<br>Filing ID: 45440258<br>Review Clerk: N/A  **▲ COURT USE ONLY ▲** |
| In the Interest of:<br><br>**FERNDANDA LOPEZ RIVERA**<br><br>Respondent/Ward | Case Number: 12PR563<br><br>Division 21    Courtroom |

## LETTERS OF GUARDIANSHIP – ADULT

<u>Teresita Reyes</u> was appointed by Court Order on July 12, 2012 as:

☒ Guardian pursuant to §15-14-311, C.R.S.

☐ Emergency Guardian pursuant to §15-14-312(1), C.R.S. These letters shall expire on _____ (a date not to exceed 60 days from the date of appointment). The Guardian's powers are specified in the Order.

☐ Temporary Substitute Guardian pursuant to §15-14-313, C.R.S. These letters shall expire on _____ (a date not to exceed six months from the date of appointment). The Guardian's powers are specified in the previous order of appointment.

The Guardian shall have access to Respondent's/Ward's medical records and information to the same extent that the Respondent/Ward is entitled. The Guardian shall be deemed to be Respondent's/Ward's personal representative for all purposes relating to Respondent's/Ward's protected health information, as provided in HIPAA, Section 45 CFR 164.502(g)(2).

These Letters of Guardianship are proof of the Guardian's full authority to act, except for the following restrictions:

The Guardian does not have the authority to obtain hospital or institutional care and treatment for mental illness, developmental disability or alcoholism against the will of the Respondent/Ward pursuant to §15-14-316(4), C.R.S.

The Respondent/Ward's place of residence shall not be changed from the State of Colorado without an order of the Court pursuant to §15-14-315(1)(b), C.R.S.

☐ Other limitations: _____

Date: ____July 17, 2012____           _Donna L. Lehman_
                                      Probate Registrar/(Deputy)Clerk of Court

### CERTIFICATION

Certified to be a true copy of the original in my custody and to be in full force and effect as of
__05.01.13__ (date).
                                      _____
                                      Probate Registrar/(Deputy)Clerk of Court

JDF 849   R4/09   LETTERS OF GUARDIANSHIP - ADULT

| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | EFILED Document<br>CO Arapahoe County District Court 18th JD<br>Filing Date: Jul 17 2012 1:16PM MDT<br>Filing ID: 45440135<br>Review Clerk: N/A ▲ COURT USE ONLY ▲ |
|---|---|
| In the Interest of:<br><br>FERNANDA LOPEZ RIVERA | Case Number: 12PR563 |
| Respondent | Division 21   Courtroom |

## LETTERS OF CONSERVATORSHIP - ADULT

<u>Teresita Reyes</u> was appointed by Court Order on July 12, 2012 as:

☒ Conservator pursuant to §15-14-409, C.R.S.
☐ Special Conservator pursuant to §15-14-406(7), C.R.S. These letters shall expire on _____ (date), unless otherwise ordered by the Court.
☐ Special Conservator pursuant to §15-14-412(3), C.R.S. These letters shall expire upon the completion of the single transaction described in the attached Court Order appointing the Special Conservator.

These Letters of Conservatorship are proof of the Conservator's full authority to act, except for the following restrictions:

_____
_____
_____
_____
_____
_____

Date: ___July 17, 2012___         [SEAL]   _/s/ Donna L. German_
                                            Probate Registrar/(Deputy)Clerk of Court

### CERTIFICATION

Certified to be a true copy of the original in my custody and to be in full force and effect as of
___05.01.13___ (date).   [SEAL]   _/s/_
                                    Probate Registrar/(Deputy)Clerk of Court

JDF 880   R4/09   LETTERS OF CONSERVATORSHIP - ADULT