IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-RM-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (Doc. # 17)**

---

Defendant, by and through its undersigned counsel, hereby replies to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. # 25) and states the following in support of its Motion to Dismiss (Doc. # 17):

Plaintiff asserts that Plaintiff is disabled and that the applicable statute of limitations on her claims were tolled until Mrs. Teresita Reyes, Plaintiff's daughter, was appointed as guardian and conservator for Plaintiff on July 17, 2012. Plaintiff ignores the fact that prior to the allegations that form the Complaint (Doc. # 1), Ms. Reyes was appointed by Plaintiff as her attorney-in-fact through a General Power of Attorney (with Durable Provision) on June 21, 2006[1] (*see* **Exhibit A** hereto and s*ee* [Proposed] Civil

---

[1] Mrs. Reyes has been actively managing Plaintiff's affairs and exercising her powers as attorney-in-fact for Plaintiff for the past eight years and during the course of events that are the basis of the Complaint (Doc. #1). For example, among other things, Mrs. Reyes submitted the application for Section 8 assistance on behalf of Plaintiff and it is Ms. Reyes' discussions and meetings with the Defendant that form

Scheduling Order (Doc. # 32), Sect. 4 Undisputed Facts, ¶ 4), and therefore, the statutes of limitations began to run when the alleged violations occurred.

Colorado law provides that if a "person under disability is represented by a legal representative at the time the right accrues, … the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. C.R.S. § 13-81-103. Plaintiff appointed Mrs. Reyes as her legal representative on June 21, 2006, when she executed the Power of Attorney, which, among several other things, specifically granted the power to engage in "Claims and Litigation" and "All other matters." **Exhibit A**.

The definition of "legal representative" in the tolling statute does not specifically include or exclude individuals appointed by a power of attorney ('POA"). *See* C.R.S. § 13-81-101 (2).  However, the Colorado Supreme Court and Colorado Court of Appeals have both held that a person possessing a power of attorney is a fully-empowered legal representative.  *Moffett v. Life Care Centers of America*, 219 P.3d 1068 (Colo. 2009); *In re Marriage of Kanefsky*, 260 P. 3d 327, 329 (Colo.App.Div. 4  2010) ("Legal representative includes … an agent designated under a power of attorney in which respondent is designated as the principal.")

In *Moffett*, the Colorado Supreme Court reviewed whether a person possessing a POA may lawfully sign an arbitration agreement on behalf of an incapacitated or disabled person under the Health Care Availability Act ("the HCAA"), C.R.S. § 13-64-403 (2009).  In *Moffett*, the Petitioners argued that a person holding a POA that was executed by a patient before becoming incapacitated with Alzheimer's disease may not enter into

---

the basis of the Complaint.  *See* [Proposed] Civil Scheduling Order (Doc. # 32), Sect. 4 Undisputed Facts, ¶¶ 4,12, 15, 16, 18, 21 and 24.

2

an arbitration agreement for the patient who becomes incapacitated.  The HCAA does not specifically allow for a person holding a POA to execute an arbitration agreement.  The Court concluded that the term "patient" included a person acting with legal authority under a POA. *Id*. at 1074.

POAs executed by individuals in Colorado are governed by the Uniform Power of Attorney Act ("the UPAA"), sections 15-14-701 to -745, C.R.S. (2009). The General Assembly enacted the UPAA in 2009.  The UPAA repeals and replaces several provisions of the predecessor statute governing POAs.  Ch. 188, sec. 1, §§ 15-14-601 to -611, 1994 Colo. Sess. Laws 1068-76 (repealed, effective Jan. 1, 2010).  Both the UPAA (effective April 1, 2009) and its predecessor (effective until January 1, 2010) apply to this case and the POA in *Moffett*.  The analysis is the same under either statute.  In adopting the POA provisions:

> [T]he General Assembly recognized the right of the individual to appoint an agent to deal with a broad range of personal and financial decisions. § 15-14-500.3(1), C.R.S. (2009); Ch. 188, sec. 1, § 15-14-601(1), 1994 Colo. Sess. Laws 1068 (repealed, effective Jan. 1, 2010). While the actual authority vested in the agent is governed by the POA document itself, § 15-14-726; Ch. 188, sec. 1, § 15-14-603(1), 1994 Colo. Sess. Laws 1070 (repealed, effective Jan. 1, 2010), **the statutes demonstrate that a principal may elect to authorize her agent to make very significant decisions, including** entering into or rescinding any contract, § 15-1-1304(b); § 15-14-726(b), **litigating any claims on behalf of the principal**, § 15-1-1304(d); § 15-1-1313(a); § 15-14-735(a), and submitting to arbitration or settling a claim, § 15-1-1304(d); § 15-13-1313(e); § 15-14-735(e). The person holding the POA is under a legal duty to act in good faith in the best interests of the principal. § 15-14-714(1)-(2); Ch. 188, sec. 1, § 15-14-606, 1994 Colo. Sess. Laws 1072 (repealed, effective Jan. 1, 2010).

*Moffett* at 1075 (emphasis added).

3

As previously stated, the POA executed by Plaintiff in this action specifically allows her legal representative, Mrs. Reyes, to engage in claims and litigation on her behalf.  **Exhibit A**.

The HCAA specifically allows for a guardian or conservator to rescind an arbitration agreement. C.R.S. § 13-64-403(5).  The *Moffett* petitioners argued that conservators and guardians are legally superior to POAs, and that the General Assembly must have intended to narrow the category of who may act on behalf of a patient by only naming conservators and guardians in subsection 13-64-403(5). *Id.* at 1077.  However, the Court disagreed and determined as follows:

> The characterization of guardians and conservators as "superior" is an oversimplification. Instead, the three mechanisms offer different options for empowering a third party to act on behalf of an incapacitated person. A conservator is appointed by the court to manage the business and property affairs of a protected person, as determined necessary by the court, see § 15-14-401, and a guardian is appointed by the court to manage an incapacitated person's (or "ward's") health, welfare, and other personal decisions, see § 15-14-314. Conservators' and guardians' powers are subject to limitation by the court and the court is directed to only provide authority that is necessitated by the ward or protected person's incapacity. See § 15-14-311(b)(2), C.R.S. (2009); § 15-14-410, C.R.S. (2009). **On the other hand, the principal selects an agent under a POA prior to incapacity, and the agent has the authority the principal would have had, subject to any limitation the principal deems appropriate**. See § 15-14-726; § 15-14-603(1).

*Id*. (emphasis added).

A person holding a POA has a legal duty, like guardians and conservators, to act in the best interest of their principal. *Id.*  Under statutory law and common law principals of agency, a person has the right to delegate authority to an agent by executing a POA. *Id.* at 1076. *"*By designating an attorney-in-fact in advance of incapacity, a person can avoid the expensive and time-consuming process of having a court appoint a representative for

4

her." *Id.* at 1077. The authority vested in the attorney in-fact is governed by the POA

itself. Id. at 1076. Beginning in June 2006, Plaintiff had a legal representative capable of

bringing her claims[2] after the alleged violations occurred and within the statute of

limitations, but elected not to do so. In this case, the POA vested the legal and other

authority to engage in claims and litigation on Plaintiff's behalf to Mrs. Reyes in 2006

and, therefore, the tolling of the applicable two-year statute of limitations does not apply

and Plaintiff's claims should be dismissed.

---

[2] Plaintiff through her legal representative, Mrs. Reyes, did choose in 2012 to file a Fair Housing complaint with the U.S. Department of Housing and Urban Development (HUD) that was administered through the Colorado Civil Rights Division (CCRD). *See* [Proposed] Civil Scheduling Order (Doc. # 32), Sect. 4 Undisputed Facts, ¶ 26 and *also see* Complaint (Doc. # 1), Exhibits 4 and 6. That administrative complaint and subsequent filings were signed by Mrs. Reyes and alleged similar claims of discrimination under the Fair Housing Act, the Civil Rights Act of 1968, the Rehabilitation Act of 1973, and the ADA. After several months of discovery and investigation by CCRD, those claims were dismissed with a finding of "no probable cause" as beyond the applicable statute of limitations. *See* [Proposed] Civil Scheduling Order (Doc. # 32), Sect. 4 Undisputed Facts, ¶ 27. None-the-less, Plaintiff and her legal representative clearly had the ability to bring the claims at any time after the alleged violations(s) occurred.

WHEREFORE, the Court should grant the Defendant's Motion to Dismiss with prejudice.

Dated: February 5, 2014.

                                      *s/Amber L. Hunter*
                                      Amber L. Hunter
                                      David V. Heisterkamp II
                                      Wagenlander & Heisterkamp, LLC
                                      1700 Broadway, Suite 1202
                                      Denver, CO 80290
                                      Phone: (303) 832-6511
                                      Fax: (303) 830-2246
                                      amberlh@wagenlander.com

                                      ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Email: agoldhamer@joneskeller.com

*Attorney for Plaintiff*

                                             *s/Amber L. Hunter*
                                             Amber L. Hunter
                                             Wagenlander & Heisterkamp, LLC
                                             1700 Broadway, Suite 1202
                                             Denver, Colorado 80290
                                             Telephone: (303) 832-6511
                                             Facsimile: (303) 830-2246
                                             Email: amberlh@wagenlander.com
                                             *Attorneys for Defendant*