IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-RM-KMT

FERNANDA RIVERA,

     Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

     Defendant.

---

## CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

     The Fed. R. Civ. P. 16(b) scheduling and planning conference is set for February 6, 2014, at 10:00 A.M. (Mountain Time).

     Although Plaintiff Fernanda Rivera initially filed her Complaint through her guardian, who was acting *pro se*, Plaintiff is now represented—following the Court's referral of Plaintiff to the *U.S. District Court's Pilot Project to Implement A Civil Pro Bono Panel* on September 24, 2013 (Doc. # 14)—by Aaron D. Goldhamer, Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, Colorado, 80202, 303.573.1600.

     Defendant Littleton Housing Authority (the "Housing Authority") is represented by David V. Heisterkamp II and Amber L. Hunter, Wagenlander & Heisterkamp, LLC, 1700 Broadway, Suite 1202, Denver, Colorado, 80290, 303.832.6511.

## 2. STATEMENT OF JURISDICTION

Plaintiff asserts that the Complaint's present claims arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. and the Equal Protection and Substantive Due Process clauses of the Fourteenth Amendment to the United States Constitution. Plaintiff asserts that a Federal question is presented under 42 U.S.C. §§ 12101 *et seq*. and that Federal jurisdiction is conferred pursuant to, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. To the extent a state law claim is present, Plaintiff asserts 28 U.S.C. § 1367 confers jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s):

Plaintiff anticipates moving for leave to amend the Complaint—which was originally filed by Plaintiff's guardian acting *pro se*. If the Court denies Defendant's Motion to Dismiss, Plaintiff will seek to amend the Complaint with the benefit of counsel.

The Complaint alleges that Plaintiff is elderly and disabled and was mistreated in connection with her Federal housing benefits, the receipt of which was conditioned upon her removal from the most integrated setting where she resided and was receiving Federal benefits through Federal Home and Community Based Services ("H.C.B.S.") programs. Plaintiff asserts that she should have been allowed to assume her husband's voucher upon his death. As presently pled, the Complaint alleges following claims:

1. Unjust denial of Federal housing benefits dating from October 2008 (Doc. # 1 at 5) (damages sought are accumulated amount of housing benefits which otherwise would have been paid);

2. Emotional Distress and suffering from Defendant's arbitrary denial of Federal housing benefits to Plaintiff (Doc. # 1 at 7-8);

3. Improper conditioning of the receipt of Federal housing benefits on Plaintiff moving out of the home she lived in with her family for years and into an institutional setting (Doc. # 1 at 16);

4. Compensation for time spent researching entitlement to Federal housing benefits (Doc. # 1 at 17); and

5. Discrimination on the basis of disability and national origin (Doc. # 1 at 21).

b. Defendant:

Defendant asserts that all of Plaintiff's claims are barred by the applicable statute of

limitations and filed a Motion to Dismiss (Doc. # 17) on October 28, 2013. Defendant's reply in support of the Motion to Dismiss is due on February 5, 2014. Because Defendant filed a Motion to Dismiss for lack of jurisdiction, Defendant has not answered the Complaint. If the Motion to Dismiss is not granted, Defendant anticipates raising the following defenses:

1. Plaintiff's claims against Defendant are barred and/or limited by 24 C.F.R. Part 982.

2. Plaintiff's claims against Defendant are barred and/or limited by the doctrines of waiver, unclean hands, estoppel, accord and satisfaction, and laches.

3. Plaintiff's claims against Defendant are barred by the applicable statutes of limitation.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. Even if Plaintiff is entitled to relief, she is not entitled to all of the forms or extent of relief she seeks.

6. At this time Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The Housing Authority of the City of Littleton, Colorado, d.b.a. South Metro Housing Options and a.k.a. Littleton Housing Authority is a Colorado Public Housing Authority.

2. Pedro Reyes and Teresita Reyes have been married since March 19, 1989.

3. Teresita Reyes is the daughter of Plaintiff.

4. Plaintiff granted Mrs. Reyes a General Power of Attorney (with Durable Provision) on June 21, 2006.

5. Martin Rivera had a Section 8 Housing Choice voucher administered by the Housing Authority.

6. Martin Rivera leased a room in 3893 E. Costilla Ave, Centennial, CO 80122 ("Costilla House"), which was a home owned by Mr. Reyes and in which Mr. and Mrs. Reyes resided, from Pedro Reyes and the Housing Authority made Section 8 Housing Choice voucher payments to Mr. Reyes on behalf of Mr. Rivera.

7. Pursuant to the annual recertification effective September 1, 2007, the Housing Authority administered a voucher for Mr. Rivera, with Plaintiff identified as a household member, with a Housing Assistance Payment of $521, based on a $900 total monthly rental payment to Mr. Reyes, with the tenant rent to owner amounting to $379.

8. Mr. Rivera died on or around October 23, 2008.

9. At the time of Mr. Rivera's death, he was married to Mrs. Rivera.

10. At the time of Mr. Rivera's death, the Housing Authority was administering a voucher for Mr. Rivera with a Housing Assistance payment of $717, based on a $900 total rental monthly payment to Mr. Reyes, with the tenant rent to owner amounting to $183.

11. On November 3, 2008, the Housing Authority sent Mr. Reyes a letter stating that, effective December 1, 2008, the Housing Authority was terminating Mr. Rivera's Housing Assistance Contract.

12. Teresita Reyes submitted an application to the Housing Authority on behalf of Plaintiff for City of Littleton Section 8 Housing Choice voucher on November 5, 2008.

13. The Housing Authority placed Plaintiff on a waiting list for a Section 8 Housing Choice voucher.

14. The Housing Authority notified Plaintiff in writing on April 6, 2010 that she was approaching the top of the Section 8 waiting list.

15. Robin Ramirez, who was a Section 8 technician for the Housing Authority, met with Teresita Reyes on April 8, 2010 regarding Plaintiff's application and use of the voucher.

16. Ms. Ramirez met with Mr. and Mrs. Reyes on April 15, 2010 to discuss Plaintiff's voucher.

17. The Housing Authority informed Plaintiff in writing on April 20, 2010 that she was approved for Section 8 Housing Choice voucher and that she needed to attend a mandatory orientation.

18. Mr. and Mrs. Reyes came to the Housing Authority on May 25, 2010 to attend the orientation on behalf of Plaintiff.  Mr. and Mrs. Reyes spoke with Ms. Ramirez and Kim Kamay, the Section 8 Program Supervisor.

19. An individual named Libby Bortz is a board member of the Housing Authority.

     20.    Mr. and Mrs. Reyes left the Housing Authority prior to the start of the orientation.

     21.    Kim Kamay provided a follow-up letter to Plaintiff and Mrs. Reyes.

     22.    On June 4, 2010, the Housing Authority notified Plaintiff in writing that she needed to attend an orientation briefing to receive a voucher.

     23.    June 14, 2010, the Housing Authority notified Plaintiff in writing that she had been removed from the program wait list and was advised of her appeal rights.

     24.    Oct. 26, 2011, Mrs. Reyes submitted an application to the Housing Authority on behalf of Plaintiff which had a box checked to indicate the application pertained to the Senior/Disabled housing program.

     25.    On July 17, 2012, Mrs. Reyes was appointed Plaintiff's guardian and conservator under Colorado law pursuant to order of the District Court for Arapahoe County, Colorado.

     26.    On or about December 22, 2012, Mrs. Reyes submitted a fair housing complaint on behalf of Plaintiff with the U.S. Department of Housing and Urban Development and the Colorado Division of Civil Rights.

     27.    On March 4, 2013, the Colorado Civil Rights Division issued a "No probable cause" determination.

## 5.  COMPUTATION OF DAMAGES

Plaintiff:  As currently pled, the Complaint alleges the following damages:

A.  First Claim for Relief (Doc. # 1 at 5); $30,552.00 based on accumulated amount of Federal housing benefits which should have been paid between October of 2008 (termination of benefits) and July of 2013 (filing of Complaint);

B.  Second Claim for Relief (Doc. # 1 at 7-8); $15,000.00 based on estimate of emotional distress and suffering;

C.  Third Claim for Relief (Doc. # 1 at 16); $10,000.00 based on estimate of value of lost right to enjoyment of dwelling;

D.  Fourth Claim for Relief (Doc. # 1 at 17); $3,675.00 for 105 hours of time spent addressing legal issues at $35.00 per hour;

E.  Fifth Claim for Relief (Doc. # 1 at 21); $5,000.00 for estimate of damage for discrimination based on disability and national origin.

Defendant: At this time, Defendant has not asserted any affirmative claims in this matter and, thus, is not seeking any damages, but reserves the right to seek costs and attorney's fees as a prevailing party, if appropriate.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

   a.      Date of Rule 26(f) Meeting.

January 15, 2014.

   b.      Names of each participant and party he/she represented.

Aaron D. Goldhamer on behalf of Plaintiff.

David V. Heisterkamp II and Amber L. Hunter on behalf of Defendant.

   c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Pursuant to the Court's January 3, 2014 Order [Doc. # 23], Rule 26(a)(1) disclosures will be made on January 30, 2014.

   d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

   e.      Statement concerning any agreements to conduct informal discovery:

Settlement discussions between the parties are ongoing, and in preparation of this proposed order the parties have informally exchanged documents.

   f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed to use a unified exhibit numbering system. The parties have also recognized that certain document discovery will not be possible given Defendant's previous destruction of many records related to Martin Rivera.

   g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure

or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that this case will involve extensive electronically stored information. What electronically stored information exists is being preserved.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Defendant's Motion to Dismiss is pending. Nevertheless, the parties have informally discussed the possibility of settlement, will continue to do so without awaiting a ruling on Defendant's Motion to Dismiss, and may explore mediation.

## 7. CONSENT

All parties ☑ **[have]** ☐ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side shall be limited to 10 depositions, including experts, and 25 interrogatories.

b. Limitations which any party proposes on the length of depositions.

Depositions shall not exceed 7 hours, without prior agreement or absent leave of court. However, the deposition of Teresita Reyes shall not exceed a total of 10 hours, split between 2 consecutive days, if necessary.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side shall be limited to 25 requests for production and 25 requests for admission.

d. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: April 28, 2014

b. Discovery Cut-off: August 6, 2014.

      c.      Dispositive Motion Deadline:  September 8, 2014.

      d.      Expert Witness Disclosure

May 22, 2014.

      1.      The parties shall identify anticipated fields of expert testimony, if any.

Expert testimony may be needed concerning the nature of disabilities, reasonable accommodation thereof, the damages disabled people suffer when they are not reasonably accommodated, and Plaintiff's damages generally.

      2.      Limitations which the parties propose on the use or number of expert witnesses.

No party shall designate more than two expert witnesses.

      3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 22, 2014.

      4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 22, 2014.

      e.      Identification of Persons to Be Deposed:

Plaintiff, 3 hours  
Teresita Reyes, 7 hours  
Pedro Reyes, 1 hour  
F.R.C.P. 30(b)(6) Representative of Defendant, 7 hours  
Robin Ramirez, 3 hours  
Kim Kamay, 3 hours  
Libby Bortz, 2 hours  
Linda Conway, 3 hours

      f.      Deadline for Interrogatories:

Written Discovery shall be served 33 days prior to the discovery cutoff.

      g.      Deadline for Requests for Production of Documents and/or Admissions

Written Discovery shall be served 33 days prior to the discovery cutoff.

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.   Status conferences will be held in this case at the following dates and times:

_____.

b.   A Telephonic Final Pretrial Conference is set for November 18, 2014 at 10:00 a.m.  The parties shall initiate a conference call and contact chambers at 303-335-2780 at the time of the Final Pretrial Conference.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.   Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate needing three days for trial and that if the Defendant's Motion to Dismiss is not granted that Plaintiff will move to amend the Complaint and request a jury on all issues so triable.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 6th day of February, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya, U.S. Magistrate Judge

APPROVED ON JANUARY 30, 2014:

| /s/ Aaron D. Goldhamer | /s/ Amber L. Hunter |
|---|---|
| Aaron D. Goldhamer | David V. Heisterkamp II |
| Jones & Keller, P.C. | Amber L Hunter |
| 1999 Broadway, Suite 3150 | Wagenlander & Heisterkamp, LLC |
| Denver, Colorado 80202 | 1700 Broadway, Suite 1202 |
| 303.573.1600 | Denver, CO 80290 |
|  | (303) 832-6511 |
| Attorney for Plaintiff (or Plaintiff, Pro Se) | Attorney for Defendant (or Defendant, Pro Se) |