IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

## UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, by and through its undersigned attorneys, moves the Court to stay discovery. Defendant seeks an order staying all discovery in this case until the Court rules on Defendant's Motion to Dismiss (Doc. # 17).

### CERTIFICATION OF CONFERRAL

Counsel for Defendant Littleton Housing Authority conferred with Plaintiff's counsel on February 6, 2014 and Plaintiff does not oppose the Motion.

### INTRODUCTION

Defendant moved to dismiss this case in its entirety for lack of jurisdiction on October 28, 2013. The Motion to Dismiss remains pending. Plaintiff has until February 19, 2014 to file a surreply to the Motion. If this Court grants the Motion to Dismiss in full, this case will be disposed of in its entirety. Before this Court can proceed to address Plaintiff's claims, it should consider whether or not it has jurisdiction over those claims. Defendant requests this stay because jurisdictional concerns are threshold issues that should be resolved before consideration of the claims' merits, for reasons of judicial

economy and conservation of party resources, and because granting the stay will not prejudice the parties or the public.

## ANALYSIS

A court is vested with considerable discretion to stay proceedings where required in the interests of justice. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) (recognizing that a trial court has broad discretion to stay proceedings as incident to its power to control its own docket). A motion to stay discovery pending determination of a dispositive motion is within the Court's discretion as a power incidental to the power inherent in every court to control the disposition of the cases on its docket with "economy of time and effort for itself, for counsel, and for litigants." *Stan Lee Media, Inc. v. The Walt Disney Co.,* No. 12-cv-02663-WJM-KMT, 2013 WL 855101 at *1 (D. Colo. March 6, 2013). The District of Colorado has adopted a five factor balancing test to determine if a stay is appropriate. *Id.; String Cheese Incident, LLC v. Stylus Shows, Inc.,* 02-CV-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). The five factors to be balanced are: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendants; (3) convenience of the court; (4) interests of third parties; (5) the public interest. *Id.*   Under the facts of this case, staying discovery is appropriate to serve the interests of the parties, the Court, and the public.

### A.   Plaintiff's Interest

Plaintiff will not suffer any prejudice if discovery is delayed until the pending Motion to Dismiss is resolved.  Plaintiff does not oppose the stay and if the Court denies the Motion to Dismiss, Plaintiff will seek to amend the Complaint (Doc. # 1). Civil Scheduling Order, Doc. # 37, page 2.  Plaintiff indicated at the Scheduling Conference on

February 6, 2013 that she did not want to prepare an amended complaint until after the Court rules on the Motion to Dismiss and therefore was in favor of the stay.  There is no reason to conclude that access to witnesses, documents, or other evidence will become more difficult if discovery is stayed. As such, Plaintiff will not suffer any prejudice if discovery is delayed.

**B.   Defendant's Burden**

The burden on the Defendant weighs in favor of staying discovery.  Personal jurisdiction protects parties from being brought into court under circumstances that offend traditional notions of fair play and substantial justice. *Asahi Metal Indus. Co. v. Superior Court of Calif.,* 480 U.S. 102, 113 (1987). Requiring a party to participate in discovery when they may not be subject to the Court's jurisdiction also implicates the same concerns of fair play and substantial justice. The burden of discovery on a Defendant that may not be subject to this Court's jurisdiction is great. *See e.g. Stan Lee,* 2013 WL 85510, at *1 (citing cases).  As such, Defendant asks that discovery be stayed until the merits of its Motion to Dismiss are determined.

**C.   Convenience to the Court**

Convenience to the Court weighs in favor of staying discovery.   The pending Motion to Dismiss may dispose of the action and a stay of discovery may allow the Court to avoid expending resources in managing and action that may be ultimately dismissed. Thus the third factor concerning the Court's interest in judicial economy weighs in favor of a stay.

**D.   Nonparties' Interest**

It is in the interest of third parties to stay discovery.  Numerous third parties have

3

been identified to be deposed in the Scheduling Order (Doc. # 31). Third parties will be prejudiced by being required to proceed with premature, extensive discovery and this burden weighs in favor of staying discovery.

**E.     Public's Interest**

The interests of the public weigh in favor of staying discovery. The Defendant is the public housing authority of the City of Littleton, which is a political subdivision of the State of Colorado.  The enormous expense of discovery would therefore be borne by the resources of the Housing Authority at the cost of other housing related uses.  Because the costs of discovery are great and the governmental entity has a pending Motion to Dismiss, staying discovery would serve the public's interests by conserving these public resources.

## CONCLUSION

All five factors that this Court addresses in determining whether a stay of discovery is proper weigh in favor of staying discovery. If discovery is stayed, the Plaintiff will suffer no prejudice, whereas if discovery proceeds before the Motions to Dismiss is ruled on, the burden on Defendant is great.  The interests of the Court will be served because staying discovery will conserve judicial resources by allowing the Court to rule on a motion that may dispose of the matter. Finally, both the interests of third parties and the public generally will be served by staying discovery. Because all five factors weigh in favor of a stay, the Defendant Littleton Housing Authority respectfully ask this court to stay discovery pending resolution of the outstanding Motion to Dismiss.

Respectfully submitted this 11th day of February, 2014.

*s/Amber L. Hunter*
Amber L. Hunter
David Heisterkamp II
Wagenlander & Heisterkamp, LLC
1700 Broadway, Suite 1202
Denver, CO 80290
Phone: (303) 832-6511
Fax: (303) 830-2246
amberlh@wagenlander.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Email: agoldhamer@joneskeller.com

*Attorney for Plaintiff*

*s/Amber L. Hunter*
Amber L. Hunter
Wagenlander & Heisterkamp, LLC
1700 Broadway, Suite 1202
Denver, Colorado 80290
Telephone: (303) 832-6511
Facsimile: (303) 830-2246
Email: amberlh@wagenlander.com
*Attorneys for Defendant*

5