IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01949-KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

---

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS (Doc. # 17)**

---

Plaintiff, by and through her undersigned counsel, hereby files her surreply in opposition to Defendant's Motion to Dismiss (Doc. # 17, henceforth "Motion") as follows:

**STATEMENT CONCERNING LEAVE TO FILE SURREPLY**

On February 6, 2014, the Court ordered that Plaintiff may file a surreply on or before February 19, 2014 (Doc. # 36), and this surreply is filed pursuant to that order.

**INTRODUCTION**

The statute of limitations in this case only began to run when Plaintiff was appointed a guardian and conservator on July 17, 2012, by the District Court for Arapahoe County, Colorado. A plaintiff's own appointment of an attorney-in-fact for herself does <u>not</u> qualify as representation by a legal representative as that term is defined in Colorado's disability tolling statute, C.R.S. § 13-81-101 *et seq*.  Defendant's Reply (Doc. # 35) not only disregards both the plain language of

C.R.S. § 13-81-101 *et seq.* as well as established Colorado case law interpreting that statute, but also fails to discuss the disability tolling statute at all. The Motion should be denied.

## ARGUMENT

### I. The definition of "legal representative" at C.R.S. § 13-81-101(2) does <u>not</u> include a plaintiff's own appointment of an attorney-in-fact.

The definition of a "legal representative," for purposes of the disability tolling statute, is clear; a "legal representative" is "a guardian, conservator, personal representative, executor, or administrator <u>duly appointed by a court</u> having jurisdiction of any person under disability or his estate." C.R.S. § 13-81-101(2) (emphasis added). It is undisputed that Plaintiff herself appointed Teresita Reyes as her attorney-in-fact (Doc. # 32, § 4, ¶ 4). Plaintiff is not "a court" and therefore could not have appointed a "personal representative" for herself under C.R.S. § 13-81-101(2). The Reply ignores the plain language of C.R.S. § 13-81-101(2).

### II. Colorado case law interpreting C.R.S. § 13-81-101(2) honors its plain language requirement that a <u>Court</u> must appoint a legal representative.

Colorado courts interpreting C.R.S. § 13-81-101 *et seq.* have given full effect to the plain language of the definition of "legal representative." In *Elgin v. Bartlett*, 994 P.2d 411 (Colo. 1999), the Colorado Supreme Court had occasion to interpret the disability tolling statute. *Elgin* squarely held that "[a] person under disability [as defined at C.R.S. § 13-81-101(3)], for whom <u>the court</u> has not appointed a legal representative, is protected by the statute of limitations' tolling provisions." 994 P.2d at 414 (emphasis added). *Elgin* repeatedly focuses on the need for court-appointment of a legal representative to lift the tolling provision:

> The statute of limitations begins to run when…<u>a court appoints</u> a legal representative…. <u>Court appointment</u> of the legal representative…render[s] inapplicable the tolling provisions. The statute defines a "legal representative" as "a guardian, conservator, personal representative, executor, or administrator *duly appointed by a court having jurisdiction of any person under disability* or his estate."

{JK00557546.1 }                                    2

*Id.* (underlined emphasis added, italics supplied in original, internal citations omitted). Because the *Elgin* court determined that the statute of limitations begins to run only after <u>court appointment</u> of a legal representative, it affirmed the Colorado Court of Appeals' determination that the trial court erred in granting summary judgment on the basis of the running of the statute of limitations against a plaintiff who was under disability but had not received a court-appointed legal representative. *Elgin*, 994 P.2d at 416.

### III. Had Defendant desired the statute of limitations to run earlier, it could have availed itself of C.R.S. § 13-81-101.5 for court appointment of a legal representative.

The conclusion that a statute of limitations does not run against a person under disability until the court appointment of a legal representative is not somehow unfair to Defendant. Defendant was perfectly aware that Plaintiff suffered from a disability.[1] As such, Defendant could have availed itself of the procedure contemplated elsewhere in the disability tolling statute:

> Any real party in interest, <u>including the party against whom an action may be brought</u>, may apply to the court for the appointment of a legal representative.

C.R.S. § 13-81-101.5 (emphasis added). Defendant did not avail itself of this provision and should not now be heard to complain that Plaintiff was not appointed a legal representative by a court until July 17, 2012.

### IV. The authorities cited in the Reply are inapplicable.

Rather than face head-on the plain language of C.R.S. § 13-81-101(2) and the Response's arguments based on that plain language, the Reply contorts inapplicable authorities into Defendant's desired—but incorrect—conclusion. The Reply dwells on *Moffett v. Life Care Centers of America*, 219 P.3d 1068 (Colo. 2009). Reply at 2-5. *Moffett* is a case which does not

---

[1] The Reply refers to a Fair Housing Complaint that relates to this case. Doc. # 35 at 5, n. 2. The determination of that Complaint noted that Defendant "had record of the [Plaintiff's] disability" and "had knowledge of the [Plaintiff's] disability during the relevant time frame."

address statutes of limitations at all.  *Moffett* addresses Colorado's Health Care Availability Act and an agent's authority to enter into arbitration agreements.  *Moffett* is concerned with the applicable forum for a disabled person's claims, <u>not</u> whether a disabled person's claims are time-barred.

Defendant also cites *In re Marriage of Kanefsky*, 260 P.3d 327 (Colo. App. 2010).  Reply at 2.  The portion of *Kanefsky* that Defendant quotes concerns the definition of "legal representative" at C.R.S. § 15–14–102(6), <u>not</u> the definition at C.R.S. § 13-81-101(2).  Had Defendant plainly cited C.R.S. § 15–14–102(6) or noted that *Kanefsky* was summarizing C.R.S. § 15–14–102(6), this discrepancy would have been clear.  Statutory language has meaning in its context, and the Court should reject Defendant's attempt to transpose the meaning of "legal representative" from one context to another.

The Colorado legislature could have included persons holding a power of attorney within the definition of a "legal representative" at C.R.S. § 13-81-101(2), but did not.  Where the Colorado legislature "includes a provision in one statute but omits that provision from another similar statute, the omission is evidence of its intent."  *Cody Park Prop. Owners' Ass'n, Inc. v. Harder*, 251 P.3d 1, 9 (Colo. App. 2009) (*citing Zamarripa v. Q & T Food Stores, Inc.*, 929 P.2d 1332, 1339 (Colo.1997) (omission must be viewed as intentional and given effect).  C.R.S. § 13-81-101(2) and C.R.S. § 15–14–102(6) are similar statutes, as both address the rights of disabled people.  As evidenced from its omission in C.R.S. § 13-81-101(2), the Colorado legislature did not intend for persons holding a power of attorney to be a "legal representative" as contemplated by C.R.S. § 13-81-101(2).

**V.     The Reply concedes Plaintiff was a person under disability for purposes of the disability tolling statute.**

Plaintiff's Response extensively sets forth facts for the Court to consider—if it even needs to reach the issue—in determining whether Plaintiff was a "person under disability" for purposes of the disability tolling statute (Doc. # 25 at 6-8).  The Reply does not rebut any of those facts and appears to concede the issue.  Thus, the Court has both a legal and factual basis to deny the Motion.

**CONCLUSION**

The Reply spills ink in vain; its arguments do not withstand scrutiny.  For the reasons set forth herein and in Plaintiff's Response (Doc. # 25), the Court should deny the Motion.

DATED:  February 18, 2014.

> Respectfully submitted,
>
> s/ Aaron D. Goldhamer
> Aaron D. Goldhamer
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> Telephone: (303) 573-1600
> Email: agoldhamer@joneskeller.com
>
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>David Heisterkamp II
>Amber L. Hunter
>James F Wagenlander
>Wagenalnder & Heisterkamp, LLC
>1700 Broadway, Suite 1202
>Denver, CO  80290
>*Attorneys for Defendant*

s/ Tammy Harris