IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01949–KMT

FERNANDA RIVERA,

    Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

    Defendant.

## ORDER

This matter is before the court on the "Unopposed Motion to Stay Discovery." (Doc. No. 41, filed February 11, 2014.)

Plaintiffs filed this action on this action on July 22, 2013, alleging discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Doc. No. 1.) On December 17, 2014, Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On February 6, 2014, this court held a Scheduling Conference. (*See* Doc. Nos. 36, 37). Following the Scheduling Conference, Defendant filed the Motion to Stay pending resolution of its Motion to Dismiss.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Here, Defendant seeks protection from the burden of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02519–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar.2, 2007).  In evaluating a request for a stay of discovery, the following five factors guide the court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa.1980).  Here, the *String Cheese* factors weigh in favor of the imposition of an indefinite stay of proceedings.

Beginning with the first *String Cheese* factor, the Plaintiff is not opposed to the relief requested in the motion.  Plaintiff asserts no prejudice in a temporary stay of the proceedings and the court perceives none.  The first factor weighs in favor of a stay.

The second factor *String Cheese* examines is the burden on the defendant if the parties are required to proceed with discovery before the motion to dismiss has been resolved.  The court recognizes that the parties may expend considerable time and resources in discovery that, if the motion is granted, will have been unnecessary.  Because the motion to dismiss could dispose

of this action in its entirety and ultimately discovery unnecessary, the court finds the second factor weighs in favor of a stay.

The court also considers its own convenience, the interests of non-parties, and the public interest.  None of these factors prompt the court to reach a different result.  In fact, neither the court nor the parties' time is well-served by struggling over the substance of Plaintiff's claims while a dispositive motion is pending.  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation and internal quotation marks omitted).

Therefore, for the foregoing reasons, it is

**ORDERED** that the "Unopposed Motion to Stay Discovery." (Doc. No. 41) is **GRANTED**.  Discovery in this case is **STAYED** pending ruling on the Motion to Dismiss.

Dated this 4th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge