IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01949–KMT

FERNANDA RIVERA,

      Plaintiff,

v.

LITTLETON HOUSING AUTHORITY,

      Defendant.

---

## ORDER

This matter is before the court on Defendant Littleton Housing Authority's "Motion to Dismiss." (Doc. No. 17 [Mot.], filed October 28, 2013.) Plaintiff filed her response on January 23, 2014 (Doc. No. 25 [Resp.]), and Defendant filed its reply on February 4, 2014 (Doc. No. 35 [Reply]). This court granted Plaintiff leave to file a surreply (*see* Doc. No. 36), and Plaintiff filed same on February 18, 2014. (Doc. No. 42 [Surreply].) This motion is ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed her Complaint on July 22, 2013. (Doc. No. 1.) Plaintiff, who states she is elderly and disabled, alleges discrimination under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (*See id.*) Plaintiff states Defendant allowed Plaintiff and her husband to live with their daughter with Section 8 housing assistance. (*Id.*, ¶ 5.) Plaintiff asserts that Defendant discriminated against her when her husband

passed away on October 23, 2008, and Defendant "made housing unavailable to [Plaintiff]" requiring her to apply for a new Section 8 Housing Choice Voucher instead of transferring ownership of her husband's Head of Household Voucher to Plaintiff.  (*Id.*)  Plaintiff states she was approved for a new Section 8 voucher in 2010, but Defendant "again made housing unavailable by denying [Plaintiff] housing assistance unless she moved to a facility against her will."  (*Id.*)  Plaintiff alleges the defendant forced "the unjust isolation & segregation of Plaintiff" and "effected the removal of [Plaintiff' from the most integrated setting" where Plaintiff was receiving Home and Community Based Services ("HCBS").  (*Id.*)

Plaintiff asserts five claims for relief, all related to Defendant's alleged discrimination, seeking monetary damages.  (*Id.* at 5, 7–8, 16–17, 21.)

## STANDARD OF REVIEW

*1.*    **Pro Se** *Plaintiff*

At the time Plaintiff filed her Complaint, she was proceeding *pro se*.  The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a

2

plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle her to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.      *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims as barred by the applicable statute of limitations. A two-year statute of limitations applies to ADA claims. *Quinn v. Univ. of Okla.*,

276 F. App'x 809, 810–811 (10th Cir. 2008); *Hughes v. Colo. Dep't of Corrs.*, 594 F. Supp.2d

1226, 1235 (D. Colo. 2009).  "In general, . . . claims accrue and the statute of limitations begins

to run when the plaintiff knows or has reason to know of the existence and cause of the injury

which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004).

"A plaintiff has reason to know of his injury when he should have discovered it through the

exercise of reasonable diligence." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15

F.3d 963, 969 (10th Cir. 1994).

Defendant argues that because the alleged discriminatory events that are the basis for this

action occurred in 2008 and 2010, with the last event, the removal from the Section 8 Housing

Choice Voucher wait list occurring on June 14, 2010, Plaintiff had until June 14, 2012 to file an

action in this Court.  Therefore, Defendant argues, because Plaintiff did not file this action until

September 26, 2013, her claims are barred by the statute of limitations.[1]

In her response, Plaintiff argues that the statute of limitations was tolled because she is a

person under a disability.  If a person under a disability is without a "legal representative,"

statutes of limitations do not run against her.  *Price v. Sommermeyer*, 41 Colo. App. 147, 584

P.2d 1220 (1978), *aff'd* 198 Colo. 548, 603 P.2d 135 (1979); *Barnhill v. Public Service Co.*, 649

P.2d 716 (Colo. App.1982), *aff'd*, 690 P.2d 1248 (Colo. 1984).  Colo Revised Statute §

13–81–101(3) defines a "person under disability" as "any person who is a minor under eighteen

years of age, a mental incompetent, or a person under other legal disability and who does not

---

[1]Contrary to Defendant's assertion, Plaintiff actually filed her Complaint in this matter on
July 22, 2013.  (Doc. No. 1.)

have a legal guardian." *Id.* Here, Plaintiff alleges she is disabled, and the defendant does not dispute that allegation. Moreover, Plaintiff argues that the Arapahoe County Court did not appoint a legal guardian until July 17, 2012, and therefore she had until July 17, 2014 to file her complaint. (*See* Resp. at 2, 9 & Ex. 1.)

In its reply, Defendant asserts that Plaintiff's daughter was appointed by Plaintiff as her attorney-in-fact through General Power of Attorney on June 21, 2006. (*See* Reply at 1, Ex. A.) However, the court finds that while Plaintiff may have had legal representation in the sense that she had a self-appointed attorney-in-fact, it still is not enough to trigger the shortened limitations period of Colorado Revised Statute § 13–81–103(1)(a). This is because Colorado has adopted a narrow interpretation of the statute, under which the provision is implicated only by a direct, court appointment of a legal representative. Under Colorado Revised Statute § 13–81–101(2), a "legal representative" is explicitly defined as "a guardian, conservator, personal representative, executor, or administrator **duly appointed by a court** having jurisdiction of any person under disability or his estate." *Id.* (emphasis added). In this case, the Arapahoe County Court did not appoint a legal guardian until July 17, 2012. (*See* Resp., Ex. 1.) Therefore, Plaintiff's legal guardian was required to bring the claims against Defendant on or before July 17, 2014. Plaintiff filed her Complaint on July 22, 2013, well before the statute of limitations expired, and thus Defendant's argument fails.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "Motion to Dismiss" (Doc. No. 17) is **DENIED**. It is further

**ORDERED** that the stay in this matter is **LIFTED**. It is further

**ORDERED** that a Scheduling Conference will be held on **June 18, 2014, at 9:30 a.m.** in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  The parties shall file a proposed amended Scheduling Order no later than **June 11, 2014**.  The "Motion to Modify Civil Scheduling Order" (Doc. No. 44, filed April 25, 2014) is **GRANTED**.  New deadlines will be set at the Scheduling Conference.

Dated this 4th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

7